**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**VISHNU RAMSARAN,** :
:
      **Plaintiff,** : **CIVIL NO. 3:CV-04-1942**
:
      **vs.** : **(CHIEF JUDGE VANASKIE)**
:
**ELIOT SPITZER,** :
:
      **Defendant.** :

**M E M O R A N D U M**

**I.    Introduction**

Vishnu Ramsaran, an inmate currently confined at the Clinton County Correctional Facility, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Named as the sole Defendant is Eliot Spitzer, Attorney General for the State of New York.  Subsequent to the filing of the complaint, Ramsaran submitted a letter to the court setting forth additional details with regard to the claims raised in his complaint.  (Dkt. Entry 8.)  This letter will be construed as a supplement to the complaint.  The matter is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915.  For the reasons that follow, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**II.    Factual Background**

Ramsaran alleges that he was previously confined at the Woodbourne Correctional Facility in New York.  On May 21, 2004, he was released from confinement, apparently because he had completed his sentence, but immediately taken into custody by immigration officials.  He claims that after he was picked up by the Department of Homeland Security, he was taken to Pennsylvania, and housed at the Clinton County Correctional Facility where he remains at this time.  The gist of Ramsaran's complaint is that he is legally blind and the Clinton County Correctional Facility does not have accommodations for blind prisoners.  As a result, he states that on June 2, 2004, while returning from the infirmary, he walked into an "iron frame" causing him to fall to the floor.  Ramsaran claims to have sustained injuries as a result of the fall for which he has failed to receive adequate medical treatment.  He also contends that he is in need of a CT scan, but that the federal government will not pay for the test.

Ramsaran complains that Defendant Spitzer is responsible for his injuries as well as the subsequent lack of medical treatment.  He claims that while he was confined in New York Spitzer was aware of the fact that he is legally blind, and therefore should not have allowed him to be placed in a facility that does not have appropriate accommodations for blind inmates.  He seeks monetary damages in the amount of $10,000,000.00.[1]

---

[1] Ramsaran has also filed another civil rights action which is presently pending before this Court raising identical claims wherein he names as defendants the Department of

**III.    Analysis**

Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim upon which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.)  In assessing a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is guided by Federal Rule of Civil Procedure 12(b)(6) which allows for dismissal of a claim or claims for "failure to state a claim upon which relief can be granted. . . ."  In evaluating whether a claim is subject to dismissal, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the Plaintiff.  See <u>Mariana v. Fisher</u>, 338 F.3d 189, 195 (3d Cir. 2003).  A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 44-46 (1957); <u>see</u> <u>also</u> <u>Lum v. Bank of America</u>, 361 F.3d 217, 223 (3d Cir. 2004).  A litigant should be granted leave to amend, but not if amendment would be inequitable or futile.  <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).

---

Homeland Security and officials at the Clinton County Prison.  See <u>Ramsaran v. Clinton County Correctional Facility, et al.</u>, Civil Action No. 04-1431.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.), cert. denied, 516 U.S. 858 (1995). It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . .  Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  Liability may not be imposed under § 1983 on the traditional standards of respondeat superior.  Rode, 845 F.2d at 1207-08.

In the instant case it is clear that Defendant Spitzer had no personal involvement in the facts alleged.  While Ramsaran may have been confined in New York where Spitzer is the Attorney General, and even assuming he was aware of the fact that Ramsaran is legally blind, there are no allegations that Spitzer had any involvement in his arrest by the Department of Homeland Security and subsequent placement in a facility in Pennsylvania.  Once Ramsaran was released from New York state custody on the prison sentence he was serving there, and taken into custody by immigration officials, Spitzer certainly had no control over Ramsaran or any decisions as to Ramsaran's custody or confinement.  Further, not only did Spitzer not have any further involvement in the custody of Ramsaran, but also there are no facts even alleging

that he had any knowledge regarding Ramsaran's subsequent conditions of confinement.

Accordingly, this matter will be dismissed for failure to state a cognizable claim for relief.

An appropriate Order follows.

                                              **s/ Thomas I. Vanaskie**
                                              Thomas I. Vanaskie, Chief Judge
                                              Middle District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VISHNU RAMSARAN,** | : |
| | : |
| **Plaintiff,** | : CIVIL NO. 3:CV-04-1942 |
| | : |
| vs. | : (CHIEF JUDGE VANASKIE) |
| | : |
| **ELIOT SPITZER,** | : |
| | : |
| **Defendant.** | : |

## O R D E R

**NOW, THIS 3rd DAY OF NOVEMBER, 2005,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

2. The Clerk of Court is directed to mark this case closed.

3. Any appeal from this Order will be deemed frivolous, without probable cause and lacking in good faith.

          **s/ Thomas I. Vanaskie**
          Thomas I. Vanaskie, Chief Judge
          Middle District of Pennsylvania